UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNSHINE WELCH,

                    Plaintiff,                              Case Number 15-10392

v.                                                  Honorable David M. Lawson

KATHLEEN J. CERDA,

                    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT,
AWARDING PLAINTIFF COSTS, AND SETTING DEADLINE FOR
DEFENDANT TO FILE AMENDED ANSWER TO THE COMPLAINT**

This matter is before the Court on the defendant's motion to set aside the entry of default that was entered by the Clerk of Court on June 23, 2015. The Court previously denied without prejudice the plaintiff's motion for entry of default judgment and stayed all proceedings in the case to allow the defendant time to find and retain an attorney. She has done so, and on October 23, 2015, her counsel filed on her behalf a motion to set aside the entry of default. The Court has reviewed the defendant's motion and finds that she has shown good cause to set aside the entry of default, because her actions to date in this litigation clearly indicate her intention to appear and contest the merits of the plaintiff's claims against her.

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases," *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983), and "[t]he court may set aside an entry of default for good cause," Fed. R. Civ. P. 55(c). Rule 55 was

amended in 2007 "as part of the general restyling of the Civil Rules to make them more easily understood." Fed. R. Civ. P. 55 Advisory Committee Note to 2007 Amendments. As the advisory committee's notes explained, the former language indicating that default was required "when a party failed to plead or otherwise defend 'as provided by these rules'" was deleted because it had been wrongly construed to imply that the clerk should enter a defendant's default "even if a party did something showing an intent to defend, but that act was not specifically described by the rules." *Ibid.* According to the committee, "[c]ourts in fact have rejected that implication," and "[a]cts that show an intent to defend have frequently prevented a default even though not connected to any particular rule." *Ibid.* In deciding whether to set aside the default, the Court must consider "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United Coin Meter*, 705 F.2d at 844.

On January 28, 2015, plaintiff Sunshine Welch filed her complaint against the defendant alleging violations of the Fair Housing Amendments Act of 1988 (FHAA), 42 U.S.C. § 3604, and the Michigan Persons With Disabilities Civil Rights Act (PWDCRA), Mich. Comp. Laws §§ 37.1501-1507. According to the complaint, plaintiff Welch saw an advertisement for an apartment for rent and called the posted phone number to inquire about the unit. She scheduled an appointment to see the apartment, and the defendant's daughter met with the plaintiff to show the unit. Welch liked the apartment and gave the daughter her phone number. Several days later, Welch called the posted phone number again to discuss renting the unit, and she spoke to the defendant. During the phone call, the defendant asked Welch how long she had been paying rent at her current residence, and Welch responded that she had been paying rent for a year and a half. Welch also mentioned that she receives Social Security Disability benefits. The defendant asked Welch why she receives

-2-

disability benefits, and Welch said that it was because she has a mental illness. The defendant allegedly replied that she would not rent to Welch because of her mental illness, and the defendant then hung up the phone.

In her motion for default judgment, the plaintiff asserted that she served the defendant with copies of the summons and complaint on March 31, 2015. On April 11, 2015, the defendant prepared an answer to the complaint, and on April 13, 2015, she mailed a copy of her answer to the plaintiff's attorney. However, the defendant did not file a copy of her answer with the Court at that time. On June 20, 2015, the plaintiff filed an application for entry of default, and on June 23, 2015, the Clerk of Court entered the default of the defendant. On July 7, 2015, after her default was entered, the defendant belatedly filed her answer to the complaint with the Court.

In her answer, the defendant asserts that she never told the plaintiff that she refused to rent the unit due to her mental disability. The defendant contends that she requested information about the plaintiff's rental history, and, after contacting a prior landlord and making inquiries in the relevant public records, the defendant learned that the plaintiff had not paid rent for two months at her previous residence, and she had been evicted. The defendant asserts that she runs a small family-owned rental property and cannot afford to rent to tenants who cannot reliably pay their rent, and that a record of a prior eviction always would automatically disqualify a prospective tenant. The defendant asserts that 11 of the 12 units at her property presently are occupied, and that nine of the 11 current occupants "have some significant mental or physical handicap," with seven of those receiving Social Security Disability benefits, and one having the assistance of a Section 8 housing voucher to cover his rent. The defendant asserts that she never has rejected a tenant on any basis

other than poor rental or credit history, and she contends that the plaintiff must have misconstrued her questions and comments about "rental history" as pertaining to "mental history."

The Court finds that there is no indication in the record that the defendant acted willfully in filing her untimely answer to the complaint. The defendant's late filing of her answer was procedurally deficient, but nothing about her conduct indicates that she willfully failed or refused to comply with the filing deadlines. The Court also finds that the plaintiff will not be prejudiced at this early stage of the proceedings by setting aside the entry of default, and the defendant has asserted a facially plausible factual defense to the plaintiff's claims in her answer. Although the defendant herself did not appear in person for the hearing on the motion for default judgment, the defendant's daughter did appear, and she represented that her mother fully intends to contest the claims raised in the complaint. The defendant's answer sets forth facts that directly contradict those alleged in the complaint, it was signed by the defendant, and it clearly indicates the defendant's intention to defend the case. The Court finds, therefore, that good cause exists to set aside the entry of default and allow the parties to litigate the case on its merits. However, the Court will condition the setting aside of the default on the defendant's prompt payment to the plaintiff of costs in a reasonable amount relating to the plaintiff's filing of the motion for default judgment, which were incurred as a result of the defendant's tardy action. The Court finds that attorney fees and costs in the amount of $500 is reasonable compensation for that unnecessary expense.

Accordingly, it is **ORDERED** that the defendant's motion to set aside the Clerk's entry of default [dkt. #17] is **GRANTED**, conditioned upon the defendant's payment of costs to the plaintiff **on or before December 1, 2015** in the amount of $500.

-4-

It is further **ORDERED** that if the defendant fails to pay costs to the plaintiffs on or before December 1, 2015, then her motion to set aside the entry of default is **DENIED**.

It is further **ORDERED** that if the defendant desires to file an amended answer to the complaint then she must do so **on or before December 1, 2015**.

It is further **ORDERED** that the parties must appear for a case management and scheduling conference **on December 21, 2015 at 4:00 p.m.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   November 16, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 16, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI

---